## Case No. 8,150.

In re LAWSON.

[2 N. B. R. 113 (Quarto, 44).] [1]

District Court, D. Maryland. 1868.

BANKRUPTCY — ATTORNEY FOR CREDITORS AS ASSIGNEE.

There is nothing in the act to prevent an attorney for the creditors from being chosen and appointed assignee by them.

[In the matter of James H. Lawson, a bankrupt.]

## Case No. 8,151.

In re LAWSON.

[2 N. B. R. 396 (Quarto, 125).] [1]

District Court, D. Maryland. Dec., 1868.

BANKRUPTCY—CHARGE OF FRAUD—RIGHT TO TRIAL OF ISSUE BY JURY.

Creditors are entitled to a jury trial where the allegations are that the bankrupt, being insolvent and in contemplation of bankruptcy, had made a fraudulent preference, without having previously specially prayed for such trial.

[Cited in Morgan v. Thornhill, 11 Wall. (78 U. S.) 77; Re Holst, 11 Fed. 857.]

[Cited in Redick v. Woolworth, 17 Neb. 260, 22 N. W. 693.]

This case, tried on December 4th, 1868, was the first that has arisen in the Maryland district upon specifications of the creditors against the discharge of the bankrupt [James H. Lawson].

The first point argued and decided by THE COURT was, that the creditors were entitled to a trial by jury upon these allegations, without having previously specially prayed a jury

[1] [Reprinted by permission.]

trial. The allegations were, that the bankrupt "being insolvent," and in contemplation of becoming bankrupt, "had made a fraudulent preference" within the prohibition of section 35 [of the act of 1867 (14 Stat. 534)], and payment for "the purpose of preferring a certain creditor." The specifications set forth the facts and circumstances at large, so that no point was made as to their sufficiency. The prayers on behalf of the creditors involved the proposition that the words "in contemplation of becoming bankrupt," did not require evidence of actual intent to take the benefit of the bankrupt act, but that that provision of the act was responded to by showing that the bankrupt, at the time of the alleged payment, knew the condition of his affairs to be such that he would be unable to pay his debts, and would be compelled to wind up his business.

The verdict of the jury was "for the creditors—allegations sustained," the effect of which is, that the assignee still continues to settle and distribute the estate, but the bankrupt is denied his discharge.

Albert Ritchie, for creditors.

William Fell Giles, Jr., for bankrupt.

[NOTE. It was previously decided in this case that the attorney for the creditors is eligible as assignee (Case No. 8,150), and that the bankrupt is not entitled to any exemption of money in the hands of assignee (Case No. 8,149).]

———

LAWSON (WELCH v.). See Case No. 17, 369.

LAWSON, The ALBERT G. See Case No. 7, 364.

LAY (McCOUN v.). See Case No. 8,729.

LAZARUS (MURRAY v.). See Case No. 9, 962.