## In re HOLST.

(*District Court, W. D. Tennessee.* May 10, 1882.)

1. BANKRUPTCY — SPECIFICATIONS OPPOSING DISCHARGE—REV. ST. § 5111—JURY TRIAL—PRACTICE.

   The desire of either party for a jury trial should ordinarily control the discretion confided by the statute to the court, and the refusal of such a demand should be the exception and not the rule. The principles that govern the exercise of this discretion stated.

2. SAME—TIME OF THE APPLICATION—RULE 24 OF GENERAL ORDERS.

   Where there are no rules of court regulating the practice it is not too late to ask for a jury trial when the specifications are set for hearing, under rule 24 of the general orders in bankruptcy.

In Bankruptcy.

*Calvin F. Vance* and *Myers & Sneed,* for creditors.

*Estes & Ellett,* for bankrupt.

HAMMOND, D. J. The trial of the specifications in opposition to a discharge has been set for this day, under rule 24 of the general orders in bankruptcy, and the creditors now demand a trial by jury. The bankrupt objects that the application is too late, and that it is not a case which requires a jury. The specifications charge acts of wilful and fraudulent concealment of property and false swearing, and the answer to them denies the specific charges made.

The Revised Statutes (section 5111) provide that "any creditor opposing the discharge of any bankrupt may file a specification in writing of the grounds of his opposition, and the court may, in its discretion, order any question of fact so presented to be tried at a stated session of the district court." This evidently means that the court may, in its discretion, direct a trial by jury; but it certainly cannot be that the court arbitrarily and of its simple pleasure determines whether there shall be a trial by jury or not. I have searched in vain for any practice or other indication of the rules or principles of judicial decision which govern the discretion confided by the statute. It is a matter which should doubtless be regulated by prescribed rules of practice, but we never had any such rule in this district. It has occurred to me, and been suggested at the bar, that the practice in equity should furnish an analogy, but on reflection I am satisfied that while that practice may be useful in determining the question, it should not be, in the nature of the case, controlling. There the court, for its own comfort mostly, and rarely as a matter of right in the parties, directs an issue before a jury on principles that for the

most part cannot apply to a case like this. 2 Daniell, Ch. Pr. (5th Ed.) 1071 *et seq.* The cases of perplexing contradiction and evenly-balanced testimony, and cases where there is a necessity for rigid cross-examination of witnesses before a jury so as to have the benefit of their appearance in court, would apply here, but not much else that occurs to govern the discretion of an equity judge.

Judge Lowell says, in *Re George,* 1 Low. 409: "The court has the power, and I usually exercise it, on the seasonable request of either party, to order the questions of fact to be tried by a jury."

The act of 1841, § 4, made a trial by jury necessary where a majority in number and value of the creditors dissented to the discharge, and optional with the bankrupt where his discharge was refused. 5 St. at Large, 443. It was ruled under that statute that in all insolvency legislation where a trial by jury is permitted, a liberal construction should be given to a provision of that nature. Hilliard, Bky. 89, (2d Ed.)

This accords with the fact that in our federal jurisprudence not only the right, but the privilege, of a trial by jury is greatly favored, which no doubt accounts for such provisions as these in all our bankruptcy laws.

It seems to me that where the charges against the bankrupt are those of frauds growing out of personal conduct with evil design, and particularly if there be charges of wilful false swearing and concealment of property, it is proper to submit the evidence to a jury on the seasonable demand of either party; and that generally a desire of either party for a jury trial should control the discretion of the court, and its refusal should be the exception and not the rule, as in equity cases.

The case of *Lawson,* 2 N. B. R. 396, cited by Mr. Bump at pages 282 and 743 of his tenth edition, is so badly reported it is difficult to say whether it supports his text that, "on the day assigned for hearing the specifications, the creditors are entitled to trial by jury without having made a previous demand for it;" but I think it does. No doubt this matter is regulated in most of the districts by rule, as in the districts of Michigan, where the demand for a jury trial must be made before the register at the time of the pendency of the specifications before him for proof. Rule 8. But unfortunately we have never had any system of bankruptcy rules in this district, and it is not my habit, in winding up these cases, to hold parties to any rigid practice as to time when there are no regulations in the statute or the rules of the supreme court to guide them, unless we have, as in

a few matters, a special rule on the subject.  *Allen* v. *Thompson,* 10 FED. REP. 116, 119.

The application for a jury trial will be granted, and the cause reset for hearing at the approaching stated term of the district court, when a jury will be in attendance; and it is so ordered.